1
2
3
4
5
6           **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9   Michael Lee Tolle,                    )    No. CV-10-444-TUC-CKJ-DTF
                                          )
10              Petitioner,               )    **REPORT & RECOMMENDATION**
                                          )
11   vs.                                  )
                                          )
12   Warden Craig Apker,                  )
                                          )
13              Respondent.               )
                                          )
14   _____  )

15          Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to

16   Title 28, United States Code, Section 2241.[1] Petitioner, Michael Lee Tolle, while confined in

17   the United States Penitentiary in Tucson, AZ, alleges that the Bureau of Prisons (BOP) failed

18   to credit his federal sentence with 434 days of time served. Pursuant to the Rules of Practice of

19   this Court, this matter was referred to Magistrate Judge Ferraro for a Report and

20   Recommendation. Before the Court are the Petition (Doc. 1), Respondent's Answer (Doc. 10),

21   a Reply (Doc. 15), and a Court-ordered supplemental brief by Respondent (Doc. 20).

22                              **Background**

23          Tolle was arrested on August 24, 2006, for a state parole violation and sentenced to 120

24   days, which expired on December 21, 2006. (Doc. 10, Exs. 1, 2.) On January 5, 2007, Tolle was

25   sentenced to 13-months incarceration for the unauthorized use of a vehicle under Oregon law

26   _____

27          [1]      28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge
     his imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties
28   of the United States.  *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

1  (case no. 060331718). (Doc. 10, Ex. 3.) Tolle was sentenced in state court to a second,

2  consecutive, 13-month incarceration on January 12, 2007, for possession of methamphetamine

3  and identify theft (case no. 06-1443). (Doc. 10, Ex. 2; Doc. 15 at 8-11.) On June 30, 2008, Tolle

4  was sentenced in the United States District Court for the District of Oregon to 120 months

5  imprisonment for felon in possession of a firearm. (Doc. 10, Ex. 5 at 1-2.) The sentence was

6  ordered to be served consecutively to the sentence in Tolle's state case no. 060331718. (*Id.* at

7  2.) BOP is using August 21, 2008 as the date on which Tolle began serving his federal sentence,

8  and calculates his release date as May 7, 2017, with good time credits. (Doc. 10, Ex. 6.)

9  **Analysis**[2]

10  Tolle argues that in calculating his sentence BOP failed to credit him for the presentence

11  time period of June 15, 2007 to June 30, 2008, and for the period July 1, 2008 to August 23,

12  2008.

13  First, Tolle argues that, on June 15, 2007, he was in BOP's custody as a pre-sentence

14  admit, which indicates he should begin to receive credit towards his federal sentence as of that

15  date. In support of this argument, Tolle attaches a page of BOP records listing his June 15, 2007

16  presentence admission to federal custody. Tolle argues that at this point he was no longer on a

17  temporary writ of habeas corpus ad prosequendum from his state sentence, rather, he was

18  officially in federal custody. This argument is refuted by the declaration of Alan Ray, a BOP

19  Management Analyst at the Designation and Sentence Computation Center, and the documents

20  attached thereto. (Doc. 10, Ray Decl., Ex. 4.) Those documents reveal that from May 30, 2007

---

22  [2]  Respondents' original brief contained erroneous information regarding Tolle's state

23  sentences; therefore, the Court ordered Respondent to file a supplemental brief clearly delineating the start and termination date of each state incarceration and to attach supporting documentation. (Doc. 16.)

24  Respondent's supplement provides some additional information, however, he re-submitted the exact same documents that were attached to his response and his brief again contains several errors. For

25  example, he states that: Tolle's sentence in case number 06-1443 was 19 months, but it was 13 months; Tolle was sentenced in case number 060331718 on February 13, 2007, but he was sentenced on January

26  5, 2007; and the sentence in case number 06-1443 was not complete until August 21, 2008, when his own documents, the Court's order and common sense indicate it was complete months earlier. Despite

27  the Court's explicit direction, Respondent's briefing was unhelpful; therefore, the Court worked

28  through the available documents without Respondent's assistance.

to July 1, 2008, Tolle was temporarily in federal custody on a writ of habeas corpus ad prosequendum. (*Id.*) From July 1 to August 21, 2008, Tolle returned to state custody to complete the time remaining on his second 13-month sentence (case no. 06-1443). (*Id.*) Prior to imposition of his June 2008 federal sentence, Tolle was in presentence status with respect to his federal case; however, he is not entitled to BOP credit during that period because the time was credited to his state sentences. *See* 18 U.S.C. § 3585(b) (crediting presentence time only if it is not credited against another sentence).

Tolle also argues that, because the federal judge was silent regarding the relationship between his federal sentence and his state sentence in case number 06-1443, the two sentences should be interpreted as concurrent.[3] Under this theory, he would be entitled to credit towards his federal sentence as soon as the 060331718 sentence terminated. The federal judge mentioned only Tolle's sentence in case number 060331718, ordering that it be consecutive to his federal sentence. However, at the time the federal judge sentenced Tolle, the sentence in that case (060331718) already was discharged, and the only remaining state sentence was in case number 06-1443. It appears likely that the federal judge merely misidentified the state sentence that remained undischarged. More importantly, the law does not support Tolle's argument. When a federal sentencing judge is silent regarding a previously imposed but undischarged term of imprisonment, the sentences are presumed to run consecutively. 18 U.S.C. § 3584(a); *United States v. Wills*, 881 F.2d 823, 826 & n.2 (9th Cir. 1989). Therefore, Tolle's federal sentence did not begin until he completed his two consecutive state sentences.

Tolle calculates his state sentences differently than is revealed in the BOP documentation. For example, he counts the time from August 24, 2006 to January 5, 2007, towards his sentence in case number 060331718, and concludes that this sentence was complete around June 15, 2007. (Doc. 15 at 3.) This is inaccurate because, as Tolle acknowledges, from August 24 to December 21, 2006, he was serving his 120-day sentence for violating parole.

---

[3]     The Court ordered Respondent to address the federal judge's silence on case number 06-1443 in the supplemental brief, which, again he failed to do.

(Doc. 10, Exs. 1, 2; Doc. 15 at 2.) He then began serving his 13-month sentence in case number 060331718, which appears to have terminated on October 10, 2007. (Doc. 10, Ex. 2.) Although Respondent did not provide any state documentation regarding this date, accounting for a good time credit reduction, it is logical. Additionally, it comports with Tolle's calculation when you properly account for the time he spent serving his parole violation. (See Doc. 15 at 3.) Therefore, the Court finds it reasonable to rely upon the BOP document stating that the sentence in case number 060331718 was completed on October 10, 2007.

At that time, Tolle began serving his second state sentence of 13 months. According to Tolle's calculations (which appear accurate), with good time credit, his actual time of service was 316 days. (Doc. 15 at 3.) Beginning to count on October 11, 2007, a term of 316 days expired on August 21, 2008. BOP is using that as the date Tolle commenced serving his federal sentence. (Doc. 10, Ex. 6 at 2.) In light of these calculations, Tolle has not demonstrated that BOP has failed to credit any time served on his federal sentence.

### **Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-444-TUC-CKJ**.

DATED this 7th day of June, 2011.

D. Thomas Ferraro
United States Magistrate Judge

- 4 -