1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                        FOR THE DISTRICT OF ARIZONA

9

MICHAEL LEE TOLLE,                    )
10                                     )
                 Petitioner,           )
11                                     )    No. CIV 10-444-TUC-CKJ (DTF)
   vs.                                 )
12                                     )
   WARDEN CRAIG APKER,                 )    **ORDER**
13                                     )
                 Respondent.           )
14 _____ )

15           On June 7, 2011, Magistrate Judge D. Thomas Ferraro issued a Report and

16   Recommendation (Doc. 21) in which he recommends that the Petition for Writ of Habeas

17   Corpus brought pursuant to 28 U.S.C. § 2241 by Petitioner Michael Lee Tolle ("Tolle") be

18   dismissed. The magistrate judge advised the parties that written objections to the Report and

19   Recommendation were to be filed within fourteen days of service of a copy of the Report and

20   Recommendation pursuant to Fed.R.Civ.P. 72(b)(2). Tolle has filed an objection.

21   Respondent has not filed a response.

22

23   *Report and Recommendation*

24           This Court "may accept, reject, or modify, in whole or in part, the findings or

25   recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C.

26   § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then

27   this Court is required to "make a de novo determination of those portions of the [report and

28   recommendation] to which objection is made." *See also Schmidt v. Johnstone*, 263

1  F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia*

2  as adopting the view that district courts are not required to review "any issue that is not the

3  subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003)

4  (disregarding the standard of review employed by the district court when reviewing a report

5  and recommendation to which no objections were made).

6      Tolle agree with the facts as set forth in the background section of the Report and

7  Recommendation ("R&R"). The Court adopts that portion of the R & R. Further, the Court

8  adopts those portions of the R & R to which there is no objection.

9

10  *Case Number 06-03-31718 Date of Completion of Sentence*

11      Tolle asserts the magistrate judge incorrectly concluded that, as stated in the Prior

12  Custody Memorandum , his sentence in Multnomah County Case Number 06-03-31718

13  ended on October 10, 2007. Rather, Tolle asserts that his sentence was complete on June 15,

14  2007. However, the Court agrees with the magistrate judge that a presentence admission to

15  federal custody on June 15, 2007, does not establish when the sentence was complete.

16  Rather, as stated by the magistrate judge:

17          Tolle calculates his state sentences differently than is revealed in the BOP
            documentation. For example, he counts the time from August 24, 2006 to January 5,
18          2007, towards his sentence in case number 060331718, and concludes that this
            sentence was complete around June 15, 2007. (Doc. 15 at 3.) This is inaccurate
19          because, as Tolle acknowledges, from August 24 to December 21, 2006, he was
            serving his 120-day sentence for violating parole. (Doc. 10, Exs. 1, 2; Doc. 15 at 2.)
20          He then began serving his 13-month sentence in case number 060331718, which
            appears to have terminated on October 10, 2007. (Doc. 10, Ex. 2.) Although
21          Respondent did not provide any state documentation regarding this date, accounting
            for a good time credit reduction, it is logical. Additionally, it comports with Tolle's
22          calculation when you properly account for the time he spent serving his parole
            violation. (See Doc. 15 at 3.) Therefore, the Court finds it reasonable to rely upon the
23          BOP document stating that the sentence in case number 060331718 was completed
            on October 10, 2007.
24
    R & R, pp. 3-4. The Court agrees with the magistrate judge that Tolle is not entitled to
25
    additional pre-sentence credit on this basis.
26

27

28                              - 2 -

*Consecutive Sentence with Case Number 06-1443*

Tolle asserts that, because the sentencing judge was silent as to the relationship between the federal sentence and the sentence in the state case (Case Number 06-1443), the sentences should be calculated as concurrent. However, this Court agrees with the magistrate judge that when "a federal sentencing judge is silent regarding a previously imposed but undischarged term of imprisonment, the sentences are presumed to run consecutively." R & R, p. 3, *citing* 18 U.S.C. § 3584(a), *United States v. Wills*, 881 F.2d 823, 826 & n.2 (9th Cir. 1989); *see also e.g., Coleman v. Sanders*, CV 08-6447-GW (AGR), 2009 WL 5220730 (C.D.Cal. 2009). Tolle is not entitled to relief on this basis.

Tolle also argues that, even if his federal sentence was to be served consecutively with Case Number 06-1443, that sentence itself ran concurrently with Case Number 06-03-31718. Indeed, the summary prepared by the Designation and Sentence Computation Center ("DSCC") states, "Sentenced to 13 mos. on 01-05-2007 in #06-03-31718, sentence complete on 10-10-2007. Sentenced to 13 mos. concurrent with #06-03-31718 on 01-12-2007 in #06-1443, sentence complete on 08-23-2008. TOT USMS on 08-21-2008." Doc. 10-2, p. 5 of 25. However, this conflicts with the documents submitted by Tolle. The Sentence on Additional Counts form from Circuit Court, County of Clackamas, clearly states that the sentence in 06-1443 was to be served consecutively to any sentence Tolle was serving. *See* Doc. 15, p. 9 of 12. The Court can only conclude, therefore, that the DSCC is simply incorrect.

Although the magistrate judge ordered Respondent to address the federal judge's silence on 06-1443, Respondent failed to do so. *See* R & R, p. 3, n. 3. The magistrate judge concluded that Tolle began serving his second state sentence of 13 months on October 10, 2007. As stated by the magistrate judge, referring to 06-1443:

> According to Tolle's calculations (which appear accurate), with good time credit, his actual time of service was 316 days. (Doc. 15 at 3.) Beginning to count on October 11, 2007, a term of 316 days expired on August 21, 2008. BOP is using that as the date Tolle commenced serving his federal sentence. (Doc. 10, Ex. 6 at 2.) In light of these calculations, Tolle has not demonstrated that BOP has failed to credit any time

served on his federal sentence. R & R, p. 4. In light of Tolle having been sentenced to consecutive state sentences, the court agrees with the magistrate judge's conclusion.

Accordingly, IT IS ORDERED:

1.     The Report and Recommendation (Doc. 21) is ADOPTED.

2.     The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is DISMISSED.

3.     The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 27th day of September, 2011.

_____
Cindy K. Jorgenson
United States District Judge